1  **LARSON GRIFFEE & PICKETT PLLC**
   P.O. Box 550, Yakima, Washington 98907
2  Phone: (509) 457-1515
   Fax: (509) 457-1027
3  William D. Pickett, WSBA No. 27867, Bill@lgplawfirm.com
   Amy H. Craft, WSBA No. 57433, Amy@lgplawfirm.com
4  Stephan D.A. Yhann, WSBA No. 54230, Stephan@lgplawfirm.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON AT YAKIMA

| | |
|---|---|
| LORI EICHLER, an unmarried individual, for herself and as Legal Guardian of RYDER THALHEIMER, an adult individual with diminished capacity;<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION; MARCIA CATES-WRIGHT, an individual;<br><br>*Defendants*. | No. _____<br><br>**COMPLAINT FOR DISCRIMINATION & OTHER DAMAGES** |

### I.   INTRODUCTION & REQUESTED RELIEF

**1.** They are questions every parent dreads: *what do I tell my hungry child if I cannot provide them with food? And how do I explain that the people who are supposed to protect them have instead singled them out for humiliation?*

**2.** Those are the circumstances Plaintiff Lori Eichler faced while

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 1 of 15

CAUSE NO. _____

**LARSON GRIFFEE & PICKETT PLLC**
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

        traveling with her chronically disabled son Ryder Thalheimer. Ryder has cerebral palsy and can only eat liquid food through a feeding tube.

3.   In May of 2021, Ryder and Lori were traveling from Yakima to Ohio to receive therapy for Ryder's cerebral palsy.

4.   Despite her careful planning, Lori was denied a reasonable accommodation by a Transportation Security Officer (TSO) at the Yakima Air Terminal. The TSO required the chronically disabled Ryder to travel a full day without food by refusing to allow Lori to bring his medically specialized liquid food through airport security.

5.   The TSO further subjected Ryder to humiliation and embarrassment by conducting a "pat-down" which resulted in him being inappropriately exposed in public.

6.   Lori brings this lawsuit against the Transportation Security Administration and the individual screening agent for violating Ryder's civil rights under federal anti-discrimination law, and for damages that resulted from the agent's intentional infliction of emotional distress on Lori and Ryder.

## II. PARTIES

7.   **Plaintiff Lori Eichler.** Lori Eichler is an individual and the mother and legal guardian of Plaintiff Ryder Thalheimer. She resides in

COMPLAINT FOR DISCRIMINATION & OTHER DAMAGES — Page 2 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

1   Yakima County, Washington, and is a citizen of Washington.

2   **8.   Plaintiff Ryder Thalheimer.**   Ryder Thalheimer is an adult individual with diminished capacity. He is subject to a guardianship established under Yakima County cause number 22-4-00446-39. His court appointed legal guardian is his mother, Lori Eichler. He is a citizen of Washington.

**9.   Defendant Transportation Security Administration.**   The Transportation Security Administration ("TSA") is a federal governmental agency, operating as a division of the United States Department of Homeland Security. The TSA is headquartered in Springfield, Virginia. At all times relevant to this lawsuit, the TSA employed Defendant Marcia Cates-Wright as a Transportation Screening Officer ("TSO"), and was responsible for her actions while on she was on duty.

**10.   Defendant Marcia Cates-Wright.**   On information and belief, Plaintiffs allege Marcia Cates-Wright is an individual of unknown marital status residing in Yakima County, Washington. On information and belief, Plaintiffs further allege she is a citizen of Washington, and was a TSA employee at all times relevant to this lawsuit.

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 3 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

## III. JURISDICTION & VENUE

11. **Subject Matter Jurisdiction—Federal Cause of Action.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this lawsuit invokes causes of action created by federal statutes. These include (but are not limited to) the Section 504 of Rehabilitation Act (29 U.S.C. § 794, *et seq.*), and related federal regulations.

12. **Subject Matter Jurisdiction—Federal Agency.** This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1346, as a federal agency of the United States is a defendant in this lawsuit.

13. **Subject Matter Jurisdiction—Pre-Suit Requirements.** Plaintiffs have complied with and fulfilled all administrative prerequisites and pre-suit requirements necessary to file this lawsuit.

14. **Personal Jurisdiction—Defendant Cates-Wright.** This Court has personal jurisdiction over Defendant Cates-Wright because (Plaintiffs allege on information and belief that) Defendant Cates-Wright is a citizen of Washington residing in Yakima County.

15. **Personal Jurisdiction—Transportation Security Administration.** This Court has personal jurisdiction over the TSA because it is an agency of the United States Government.

16. **Propriety of Venue.** This Court (U.S. District Court for the Eastern

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 4 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

District of Washington at Yakima) is the proper venue pursuant to 28 U.S.C. § 1391(b)(1), as at least one defendant resides within this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

## IV.   FACTS

17. Ryder Thalheimer was born in 2004 with cerebral palsy. As a result of disorder, He has several severe physical and cognitive disabilities that affect his daily life in significant ways.

18. Ryder's condition severely affects his ability to control his body. He relies on a wheelchair to move around. He is not able to verbalize his needs. He requires help with using the restroom. He even requires special blended food that is fed to him through a tube.

19. Though he is legally an adult, Ryder is completely dependent on his mother, Lori Eichler, for support in his daily life. Lori was appointed as Ryder's legal guardian by the Yakima County Superior Court in 2022.

20. Ryder is visibly disabled—especially in his wheelchair—such that it is readily apparent to any person interacting with him that he suffers from several physical and cognitive impairments.

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 5 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

21. The photograph below accurately depicts Ryder as he appears in public when in his wheel chair.



COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 6 of 15

CAUSE NO. _____

**LARSON GRIFFEE & PICKETT PLLC**
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

22. Ryder has undergone specialized therapy treatments for his disabilities in Ohio. Because he lives in Yakima, Ryder and Lori traveled by air to Ohio. On each trip before May 2021, Ryder began his air travel in Seattle.

23. Because Ryder is a disabled individual, he is entitled to reasonable accommodations under the Section 504 of the federal Rehabilitation Act of 1973 and its implementing regulations.

24. TSA, as a federal executive branch agency receiving federal funds, is subject to the Rehabilitation Act requirements when conducting its activities, including operating security screening lines at airports.

25. The screenshot below accurately depicts the TSA's "Equal Opportunity Notice," as published in its 2019 disability access plan:



COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 7 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

26. The TSA requires its "Equal Opportunity Notice" to be publicly posted and displayed at all TSA airport screening checkpoints.

27. On each trip before May 2021, the TSA allowed Ryder to bring his special blended food through airport security so he could eat during a full day of travel.

28. In May of 2021, Ryder was scheduled to again travel from Washington to Ohio for specialized therapy treatments. However, on this occasion, instead of starting their air travel from SeaTac Airport outside Seattle, Lori and Ryder opted to fly from the Yakima Air Terminal to SeaTac, where they would catch a connecting flight to Ohio. The trip was expected to take a full day.

29. On May 30, 2021 Lori and Ryder arrived at the Yakima Air Terminal. Lori and Ryder had a full day of travel, starting early hours of the morning. Their flight itinerary began in Yakima and included a transfer in Seattle.

30. Because they would be traveling all day, Lori contacted their carrier (Alaska Airlines) to ensure the trip would go smoothly and Ryder would be properly accommodated.

31. Of particular concern to Lori was ensuring that Ryder's specialized liquid food for his feeding tube would be allowed through airport security. The agent at Alaska Airlines assured Lori it would be fine.

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 8 of 15
CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

32. Upon arriving at the airport, Lori and Ryder attempted to go through the security screening stated operated by the TSA. As always, Ryder was using a wheel chair that day to move through the airport safely. The pair carried Ryder's specialized liquid food for use with his feeding tube so that Ryder could eat during the long day of travel.

33. At the TSA screening station, Lori learned that Ryder had been selected for additional screening. TSO Marcia Cates-Wright (a TSA employee) handled the screening.

34. When TSO Cates-Wright found Ryder's specialized liquid food, she insisted that it could not come through the checkpoint. Lori explained that was medically specialized and necessary given Ryder's condition. Lori also explained that Ryder would not be able to eat at all if they could not bring the food with them.

35. TSO Cates-Wright refused to make an accommodation or work collaboratively with Lori, and insisted the food could not come past the screening station. An argument between Lori—who was advocating for her disabled child—and TSO Cates-Wright ensued, and resulted in TSO Cates-Wright calling the Yakima Police Department.

36. At the insistence of TSO Cates-Wright, Lori and Ryder were not

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 9 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

allowed to bring Ryder's medically specialized liquid food with. At one point, TSO Cates-Wright got on the phone and claimed that the decision was "Seattle's call." Plaintiff alleges, on information and belief, that Cates-Wright was referring to some type of TSA supervisory office in Seattle.

37. Despite Ryder's condition, TSO Cates-Wright demanded that Ryder be made to stand up so he could be patted-down before he could pass through the screening area. Because of TSO Cates-Wright's callous insistence that Ryder stand up to be "patted down," Ryder's pants fell down, exposing him to onlookers.

38. Ryder was the only person singled out for a "pat down" search.

39. TSO Cates-Wright's actions (and refusal to accommodate Ryder's disability in any way) severely delayed Lori and Ryder. Thankfully, Alaska Airlines kindly held their flight so they could begin their journey to Ohio for Ryder's therapy.

40. During their layover in Seattle, Lori spoke with the TSA office at SeaTac airport. TSA employees at that office stated they had not required TSO Cates-Wright to prevent the medically specialized liquid food from passing through security.

41. Rather, the TSA employees explained that TSO Cates-Wright had acted wrongfully.

COMPLAINT FOR DISCRIMINATION & OTHER DAMAGES — Page 10 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

42. Because TSO Cates-Wright prevented Lori and Ryder from bringing Ryder's medically specialized liquid food with him, Ryder had no access to food for the entire day.

43. To prevent her chronically disabled son from becoming further distressed, Lori also did not eat. Lori fasted all day so Ryder would not have to watch her eat while he could not.

44. These actions caused Ryder—who suffers from severe cognitive impairments—and Lori, as his mother who was traveling with him, to suffer severe emotional distress.

45. Defendants' actions against Lori and Ryder were indecent, inhumane, cruel, discriminatory, unnecessary, and illegal.

## V. LEGAL COUNTS

### COUNT I: DISCRIMINATION—SECTION 504 OF THE REHABILITATION ACT (ALL DEFENDANTS)

46. Plaintiffs incorporate by reference and realleges each preceding paragraph, as if fully set forth herein.

47. Ryder Thalheimer has a qualifying medical condition which constitutes a disability under Section 504 of the Rehabilitation Act.

48. Ryder Thalheimer was entitled to reasonable accommodations to enable him to fully enjoy the benefits of the services provided by TSA and the Yakima Air Terminal.

COMPLAINT FOR DISCRIMINATION & OTHER DAMAGES — Page 11 of 15
CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

49. The TSA is a recipient of federal funds and is subject to the requirements of Section 504 of the Rehabilitation Act.

50. TSA screening is an activity conducted by an Executive Agency.

51. At all times relevant to this lawsuit, Defendant Cates-Wright was a TSA employee acting in her official capacity for the benefit and under the direction of the TSA.

52. As a result of Defendant Cates-Wright's actions, the TSA discriminated against Ryder and refused to provide a reasonable accommodation for his disability.

53. Those actions violated Section 504 of the Rehabilitation Act.

54. As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount to be proven at trial

**COUNT II:    RETALIATION—SECTION 504 OF THE REHABILITATION ACT (ALL DEFENDANTS)**

55. Plaintiffs incorporate by reference and realleges each preceding paragraph, as if fully set forth herein.

56. Ryder Thalheimer has a qualifying medical condition which constitutes a disability under Section 504 of the Rehabilitation Act.

57. Ryder Thalheimer was entitled to reasonable accommodations to enable him to fully enjoy the benefits of the services provided by TSA and the Yakima Air Terminal.

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 12 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

58. TSA is a recipient of federal funds and is subject to the requirements of Section 504 of the Rehabilitation Act.

59. TSA screening is an activity conducted by an Executive Agency.

60. At all times relevant to this lawsuit, Defendant Cates-Wright was a TSA employee acting in her official capacity for the benefit and under the direction of the TSA.

61. As a result of Defendant Cates-Wright's actions, the TSA retaliated against Ryder and refused to provide a reasonable accommodation for his disability, to wit: by performing the pat down in a manner designed to cause discomfort and public embarrassment of Ryder and Lori; by refusing to allow medically necessary materials through a checkpoint; and by falsifying directives from "Seattle."

62. Those actions violated Section 504 of the Rehabilitation Act to deny Ryder food during his travels.

63. As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

**COUNT III:    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)**

64. Plaintiffs incorporate by reference and realleges each preceding paragraph, as if fully set forth herein.

65. Defendant Cates-Wright and (through the doctrine of vicarious

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 13 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

liability) the TSA unlawfully denied Ryder—a chronically disabled individual—reasonable accommodations which would have allowed him to eat during a full day of travel.

66. Defendants acted in an extreme or outrageous manner, or in a way designed to inflict severe emotional distress (or with reckless and/or knowing disregard for the likelihood that the same would result) on Ryder and Lori by, to wit: performing the pat down in a manner designed to cause discomfort and public embarrassment of Ryder and Lori; refusing to allow medically necessary materials through a checkpoint; and falsifying directives from "Seattle."

67. Those actions caused Plaintiffs suffered severe emotional distress.

68. As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

## VI.  RESERVATION OF RIGHTS

69. Plaintiffs reserve the right to amend this Complaint by adding additional counts/causes of action, seeking joinder of unnamed parties, or any other action permitted by law or equity. This reservation of rights includes but is not limited to matters which arise during the course of discovery.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask the Court to:

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 14 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027

70. **ENTER JUDGMENT** in favor of Plaintiffs and against all Defendants, jointly and severally, for all actual, liquidated, economic, and non-economic damages suffered by Plaintiffs;

71. **AWARD** Plaintiffs pre-judgment interest, costs, fees, and disbursements in Plaintiffs' favor, in the maximum amount allowed by equity and law;

72. **AWARD** Plaintiffs their reasonable attorney fees, in the fullest amount allowed by statute, equity, and law, and permit them to recover the same from all Defendants, jointly and severally; and

73. **ORDER** further relief the Court deems just, equitable, or necessary.

*Signed this day*, November __14__, 2022.

*[signature]*

**LARSON GRIFFEE & PICKETT PLLC**
*Attorneys for Plaintiffs*
William D. Pickett, WSBA No. 27867
Bill@lgplawfirm.com
Amy H. Craft, WSBA No. 57433
Amy@lgplawfirm.com
Stephan D.A. Yhann, WSBA No. 54230
Stephan@lgplawfirm.com

COMPLAINT FOR DISCRIMINATION
& OTHER DAMAGES — Page 15 of 15

CAUSE NO. _____

LARSON GRIFFEE & PICKETT PLLC
105 NORTH THIRD STREET | P.O. BOX 550
YAKIMA, WASHINGTON 98907
PHONE: (509) 457-1515 | FAX: (509) 457-1027